UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON, #301631,

    Plaintiff,

v.

CASE NO. 19-12062
MARK A. GOLDSMITH

CORRECT CARE SOLUTIONS, et al.,

    Defendants.
_____/

# OPINION AND ORDER
# DENYING THE APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DENYING MOTION TO APPOINT COUNSEL AND SUPPLEMENT COMPLAINT (Dkt. 7), AND DISMISSING THE CIVIL RIGHTS COMPLAINT

Michigan prisoner Martin Antonio Solomon ("Plaintiff"), currently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff raises claims concerning his medical care while in custody at the Wayne County Jail in 2017. Plaintiff names Correct Care Solutions, medical personnel, the Wayne County Sheriff's Department, Wayne County, the Wayne County Sheriff, jail employees, and others as the defendants in this action and seeks monetary damages. On July 25, 2019, Plaintiff filed an amended complaint (Dkt. 6), along with an accompanying motion for leave to supplement his complaint and to appoint counsel (Dkt. 7).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. Id.; see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court and court records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Solomon v. Macomb Co. Corp., et al., No. 2:12-CV-14537 (E.D. Mich. Dec. 13, 2012); Solomon v. Berghuis, et al., No. 2:12-CV-12049 (E.D. Mich. July 30, 2012); Solomon v. Wayne Co. Corp., No. 2:11-CV-12330 (E.D. Mich. June 10, 2011); Solomon v. Caruso, et al., No. 2:07-CV-102 (W.D. Mich. Oct. 24, 2007). Additionally, Plaintiff has previously been denied leave to proceed in forma pauperis in other federal lawsuits under the three strikes rule. See Solomon v. Boles, et al., No. 1:14-CV-541 (W.D. Mich. June 9, 2014); Solomon v. Olivette Products, LLC, et al., No. 2:13-CV-13666 (E.D. Mich. Oct. 17, 2013).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists

when the complaint is filed. See Rittner v. Kinder, 290 F. App'x 796, 797-798 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, id., as is an assertion of the potential for future harm. See Vandiver v. Vasbinder, No. 08-2602, 2011 WL 1105652, at *2 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").

The events giving rise to Plaintiff's complaint and amended complaint do not meet the foregoing standard. Rather, the allegations in both complaints concern events and injuries (involving a broken catheter in his bladder) that occurred in 2017. Plaintiff thus fails to show that he falls within the exception to the three strikes rule or that he should otherwise be allowed to proceed without prepayment of the filing fee despite having three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court denies Plaintiff's application for leave to proceed without prepayment of the filing fee, denies his motion to appoint counsel and supplement his complaint (Dkt. 7), and dismisses his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: July 30, 2019  
 Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge